IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRIS A. DAVIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 24 HOUR FITNESS WORLDWIDE, INC., ) <br> a Delaware corporation, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 12-1370-GMS |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, Chris A. Davis ("Davis"), filed this diversity action on October 29, 2012, against the defendant, 24 Hour Fitness Worldwide, Inc. ("24HFW"), alleging breach of contract and unjust enrichment. (D.I. 1.) On November 21, 2012, 24HFW filed its Answer, along with counterclaims against Davis—seeking declaratory judgment and alleging breach of fiduciary duties, fraud, equitable fraud, negligent misrepresentation, and fraudulent concealment—and affirmative defenses. (D.I. 7.) 24HFW voluntarily dismissed its counterclaims for fraud and equitable fraud on May 1, 2014. (D.I. 73.) On September 30, 2014, the court granted Davis' motion for summary judgment and held that the remainder of 24HFW's counterclaims were time-barred by statute of limitations. (D.I. 110–11.) Presently before the court is Davis' letter request for summary judgment on 24HFW's affirmative defenses as well. (D.I. 118.) For the reasons stated below, the court will grant Davis' request for summary judgment.

### II. BACKGROUND

The court outlined the background facts in its memorandum and order addressing Davis' previous motion for summary judgment. (D.I. 110 at 1–3.) These facts were drawn primarily

from 24HFW's pleadings. The court incorporates this background to address the instant summary judgment request as well.

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986). A fact is material if it "could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). There is a genuine issue "if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* When determining whether a genuine issue of material fact exists, the district court must view the evidence in a light most favorable to the nonmoving party and draw inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party is able to demonstrate an absence of disputed material facts, the nonmoving party must then "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citing Fed. R. Civ. P. 56(e)).

Importantly, the mere existence of some evidence in support of the nonmoving party will not prove sufficient for denial of a summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the nonmoving party must present enough evidence to enable a jury to reasonably find for it on that issue. *Id.* Specifically, the party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir.

2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Thus, a nonmoving party asserting that a material fact is in dispute must support this assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute. . . ." *See* Fed. R. Civ. P. 56(c)(1). If the nonmoving party fails to make a sufficient showing on an essential element of its case for which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 32.

## IV. DISCUSSION

Davis asserts that, based on the court's September 30, 2014, ruling, 24HFW cannot prevail on its affirmative defenses as a matter of law. In essence, Davis' argument rests on three grounds: (1) 24HFW's affirmative defenses are repackaged versions of its time-barred counterclaims and therefore are barred as well, (2) 24HFW was on inquiry notice of Davis' alleged wrongful conduct and therefore cannot prevail on its defenses sounding in fraud, and (3) 24HFW defenses all seek rescission of the Phantom Stock Agreement ("PSA"), which is untimely. The court discusses each of these arguments.

### A. Statute of Limitations

Both Davis and 24HFW acknowledge that, generally, affirmative defenses are not subject to statutes of limitations. *See United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 72 (1956) ("To use the statute of limitations to cut off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation."); *City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1033 (9th Cir. 2003) ("[C]ourts generally allow defendants to raise defenses that, if raised as claims, would be time-barred."); *Wells v. Rockefeller*, 728 F.2d 209

(3d Cir. 1984) ("Although expiration of the limitations period may not be used to deny the assertion of an affirmative defense, a claim for affirmative relief that relies on the same factual basis nevertheless comes within the limitations ban.").

Davis asserts, however, that an exception to this maxim applies in this case. In particular, Davis cites the Ninth Circuit's opinion in *Evans*, holding that affirmative defenses that are "mirror images of . . . time-barred claims" are similarly barred. *Evans*, 344 F.3d at 1035–36. In *Evans*, the Ninth Circuit took a nuanced approach to examining whether affirmative defenses should be barred:

> It is important that the party asserting the defense is not, simultaneously or in parallel litigation, seeking affirmative recovery on an identical claim. Thus, whether affirmative defenses are exempt from statutes of limitations largely hinges on a realistic assessment of the parties' litigation posture.

*Id.* at 1035. As part of this "realistic assessment," the court examined which party is the true "aggressor" in the litigation, based on who "disturbed the equilibrium between the parties." *Id.* (citing *118 East 60th Owners, Inc. v. Bonner Props., Inc.*, 677 F.2d 200, 203–04 (2d Cir.1982)).

The court recognizes that the only cases Davis cites in support of this exception to the general rule come from courts within the Ninth Circuit, and therefore their reasoning is not binding upon this court. Indeed, neither party cites any case from within the Third Circuit addressing this exception, thus presenting an issue of first impression. Notwithstanding the fact that *Evans* is non-binding authority, the court is convinced that its analysis (and result) should apply in this case.

In its pretrial submissions, 24HFW stated: "24 Hour Fitness's asserted counterclaims are both claims and affirmative defenses. Even if the Court strikes any of the counterclaims as untimely, the Court still should consider all of these doctrines and legal theories as affirmative defenses." (D.I. 108, Sched. I(i)(b) at 12 n.3.) Therefore, there is at least the possibility that

4

24HFW's affirmative defenses "are simply time-barred claims masquerading as defenses and are likewise subject to the statute of limitations bar." *Evans*, 344 F.3d at 1035–36. The court must engage in a "realistic assessment of the parties' litigation posture" to determine whether to apply the exception. *Id.* at 1035. The court finds that 24HFW is indeed the initial aggressor in this case, despite being the defendant in litigation. 24HFW is correct that in *Evans* and in subsequent district court opinions applying the *Evans* exception, the courts have held that the plaintiff, by filing the lawsuit, is the "initial aggressor." *Id.* at 1035–36; *see also Karoun Dairies, Inc. v. Karlacti, Inc.*, No. 08cv1521 AJB (WVG), 2014 WL 3340917, at *9 (C.D. Cal. July 8, 2014). 24HFW asserts that it is "absurd" to view 24HFW as the initial aggressor, simply because it repudiated the PSA. (D.I. 121 at 5.)

The court disagrees with this unnecessarily sensational characterization.[1] In keeping with *Evans*' direction to make a "realistic assessment" of the litigation posture, the court cannot merely look at the parties' statuses as "plaintiff" or "defendant." *See Evans*, 344 F.3d at 1035. 24HFW stated in its trial briefing: "This case arose when the Board of Directors . . . of [24HFW] repudiated as invalid [the PSA]." (D.I. 108, Sched. I(i)(b) at 1.) This repudiation "disturbed the equilibrium" between the parties, as it had existed for several years while the PSA was presumed valid. *See id.* (finding that the plaintiff was the initial aggressor because, "[a]t bottom, this lawsuit boils down to the City's effort to invalidate the Agreement"). As the court views it, rather than initiate a lawsuit of its own, 24HFW elected simply to repudiate the PSA and invite a lawsuit from Davis. And after the lawsuit was filed, 24HFW asserted identical affirmative defenses and counterclaims

---

[1] The court would advise counsel for 24HFW against using inflammatory language like "absurd." (D.I. 121 at 5.) Indeed, counsel used the same word and other language in its previous briefing. (D.I. 85 at 18.) In both situations, the court has agreed with the "absurd" positions. This rhetoric does not advance 24HFW's (or any client's) cause.

5

for affirmative relief, seeking declaratory judgment and damages.[2] Under these circumstances, the court finds that 24HFW "abandoned its right to seek solace in the status of a defendant" and "cannot hide behind the maxim applicable to defenses asserted in the normal course nor may it sidestep the temporal bar to its claims." *Id.* at 1036.

As discussed in depth in the court's previous memorandum, 24HFW's counterclaims were barred by a three-year statute of limitations. (D.I. 110.) Although the general rule is that affirmative defenses face no such time bar, the court is persuaded that an exception applies here. *See Evans*, 344 F.3d at 1035–36. It did not affirmatively file the lawsuit, but 24HFW set this case in motion when it repudiated the PSA in September 2012. 24HFW is properly viewed as the initial aggressor. Moreover, its affirmative defenses mirror the time-barred counterclaims. The court considers the Ninth Circuit's reasoning in *Evans* to be precisely on point. 24HFW's affirmative defenses are similar barred by statute of limitations.[3]

**B. Fraud Defenses**

Although the court finds that 24HFW's affirmative defenses are barred by statute of limitations, it will consider Davis' remaining arguments for the sake of completeness. 24HFW asserts several defenses sounding in fraud (*i.e.*, negligent and intentional misrepresentation, fraudulent concealment). The parties agree that an essential element of these defenses is justifiable or reasonable reliance. In its September 30, 2014, memorandum, the court found that 24HFW was on inquiry notice of its potential fraud claims when the PSA was executed on June 15, 2009;

---

[2] The affirmative defenses identify several different reasons why 24HFW believes the PSA to be void *ab initio*. The court does not see any meaningful difference between these defenses and 24HFW's counterclaim seeking a declaratory judgment of invalidity. As such, although the language is different, the court views the counterclaims and affirmative defenses as being identical.

[3] "The purpose of [statutes of limitations] is to keep stale litigation out of the courts. They are aimed at lawsuits, not at the consideration of particular issues in lawsuits." *W. Pac. R.R. Co.*, 352 U.S. at 72. Although this quote tends to support the "general rule" against barring affirmative defenses, the court views it in a different light in this case: 24HFW's affirmative defenses embody claims (and a lawsuit) that should have been filed years ago, when the claims first arose.

24HFW's CEO, CFO, and general counsel had all received and reviewed the terms of the PSA.. (D.I. 110 at 6–8.) Davis argues this inquiry notice determination precludes 24HFW from establishing the element of reasonable reliance. 24HFW counters that inquiry notice and reasonable reliance are distinct matters, and therefore summary judgment is inappropriate.

The court agrees with Davis that the inquiry notice determination obviates 24HFW's defenses sounding in fraud. 24HFW is correct that, generally, inquiry notice and reasonable reliance do not intersect: Questions of reasonable reliance ask what information a "reasonable person would consider important in determining his choice of action in the transaction in question." *Lock v. Schreppler*, 426 A.2d 856, 860–63 (Del. Super. Ct. 1981) (citing Restatement (Second) Tort, § 538)). In contrast, questions of inquiry notice ask when a reasonable person should have been aware of the existence of a cause of action for the purpose of measuring the statute of limitations. *Wal-Mart Stores Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319 (Del. 2004) ("[T]he statute will begin to run only upon the discovery of facts constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts." (emphasis in original) (internal quotation marks omitted)). Thus, a finding of inquiry notice typically has no bearing on reasonable reliance because it concerns *discovery* of the fraud and not the actual transaction.

In this case, however, the court determined that 24HFW—through its officers—had inquiry notice of the alleged fraud *prior to and at the time of* execution of the PSA. In other words, even before the PSA was signed by 24HFW, it had sufficient information to place it on notice of the alleged misconduct. Understanding this, the court finds that 24HFW cannot establish reasonable reliance. "[T]he recipient of a fraudulent misrepresentation . . . is . . . required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be

7

patent to him if he had utilized his opportunity to make a cursory examination or investigation." *Casso v. Pa. R.R. Co.*, 219 F.2d 303, 305 (3d Cir. 1955) (quoting Restatement (Second) Torts, § 541, cmt. a). In finding that 24HFW was placed on inquiry notice, the court already stated that, "had they [24HFW's officers] conducted a reasonable inquiry—*e.g.*, asking *any* Board member, sending an e-mail, making a phone call, etc.—they would have discovered discrepancies" and the alleged fraud. 24HFW's reliance on the alleged misrepresentations was not justified because it could have easily discovered the alleged falsity by taking simple actions. 24HFW's defenses sounding in fraud fail, and summary judgment as to these defenses is proper.

### C. Rescission

Finally, the court groups Davis' remaining arguments under a single heading. Essentially, Davis argues that 24HFW's defenses all seek rescission of the PSA, which is untimely. Relatedly, Davis argues that 24HFW ratified or acquiesced to the PSA by failing to object or seek rescission until Davis filed the lawsuit.

24HFW has raised objections to the timeliness of at least some of these related claims. (D.I. 121 at 9–10.) During the parties' most recent teleconference with the court, the court specifically stated that issues surrounding these claims need not be addressed *in limine* but could be handled at trial. (D.I. 119 at 37–38.) The court maintains its view that the proper forum to address these claims would be at trial, rather than summary judgment. Davis' request for summary judgment concerning the timeliness of 24HFW's rescission defense and ratification of the PSA is denied.

## V. CONCLUSION

All of 24HFW's defenses are barred by statute of limitations, and the defenses sounding in fraud also fail as a matter of law. In view of the foregoing, Davis' request for summary judgment (D.I. 79) is granted.

8

Dated: December 3, 2014

_____
UNITED STATES DISTRICT COURT